# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **RANDY S. GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 5:08-cv-0573-CLS** |
| | ) | |
| **PILGRIM'S PRIDE** | ) | |
| **CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff, Randy S. Green, commenced this action in the Circuit Court of Limestone County, Alabama, and defendant, Pilgrim's Pride Corporation, removed it to this court based solely upon the parties' diversity of citizenship.[1]  *See* 28 U.S.C.

---

[1] *See* doc. no. 1 (notice of removal). The caption of plaintiff's state-court complaint identifies five fictional defendants.  Any claims asserted by a plaintiff against fictional parties are due to be stricken, however, because there is no provision for fictitious party practice under federal law or rules of procedure.  *Cf.* 28 U.S.C. § 1441(a) (stating that "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal).  *See also New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) (noting that plaintiff "conceded that fictitious party practice is not permitted in federal court and, thus, her failure to name the parties required that the court strike the parties"); *Murray v. Sevier*, 50 F. Supp. 2d 1257, 1280 (M.D. Ala. 1999) (observing that there is "no provision for fictitious party practice under federal law"); *Wiggins v. Risk Enterprise Management Limited*, 14 F. Supp. 2d 1279, 1279 n.1 (M.D. Ala. 1998) ("[T]here is no fictitious party practice in the Federal Courts."); *Floyd v. Allstate Insurance Company*, 989 F. Supp. 1435, 1436 n.1 (M.D. Ala. 1998) ("[T]he fictitious Defendants named in Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law."); *McCree v. Sam's Club*, 159 F.R.D. 572, 574 n.1 (M.D. Ala. 1995) ("there is no provision for fictitious party practice under federal law"); *Weeks v. Benton*, 649 F. Supp. 1297, 1298 (S.D. Ala. 1986) ("Fictitious party practice is not authorized by the Federal Rules of Civil Procedure or any . . . federal statute."); Federal Rule of Civil Procedure 10.

§ 1331(a)(1).

After reviewing the notice of removal, however, it appeared to this court that defendant had not met its burden to establish that the amount in controversy requirement of the diversity jurisdiction statute was satisfied.[2]   Accordingly, defendant was ordered to show cause why this action should not be remanded to state court.[3]

This action now is before the court on defendant's response to the order to show cause,[4] defendant's motion for leave to conduct limited discovery "on the question of whether the Plaintiff is seeking damages in excess of $75,000,"[5] and plaintiff's "response" to the notice of removal, "waiv[ing] and/or disclaim[ing] any portion of an award of damages both compensatory and punitive in excess of Seventy-four thousand nine hundred and ninety-nine dollars ($74,999.00)"[6] — a pleading that this court construes as a motion to remand.

---

[2] Removal on the basis of the parties' diversity of citizenship is controlled by 28 U.S.C. §§ 1332, 1441(a).  The pertinent portion of § 1332 provides that "district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and [the action] is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1332(a)(1).

[3] *See* doc. no. 2 (order to show cause).

[4] *See* doc. no. 4.

[5] Doc. no. 3, ¶ 3, at 1.

[6] Doc. no. 6.

## I.  FACTS[7]

Plaintiff is employed as a truck driver by LDA Leasing, an entity that is not a party to this lawsuit.[8]  On March 6, 2006, plaintiff allegedly was "dispatched" by his employer to a plant owned and operated by defendant in Athens, Alabama, to pick up a "trailer."[9]  Plaintiff asserts that he was instructed by an unnamed employee of the defendant to enter the trailer, and that, upon entering, plaintiff "took a few steps, fell to his knees, and passed out."[10]

Plaintiff alleges that, prior to the time he entered the trailer, and without his knowledge, defendant placed "carbon dioxide pellets" inside the trailer.  Those "pellets" purportedly "evaporated over time and produced carbon dioxide gas," and plaintiff's exposure to those fumes within the confines of the trailer "caused him to asphyxiate and pass out."[11]  Plaintiff claims that, as a result, he:  suffered unspecified, permanent physical and "mental" injuries; suffered pain and mental anguish; was caused to undergo medical treatment and incurred costs associated with treatment for

---

[7] The facts articulated in this part of the memorandum opinion were gleaned exclusively from plaintiff's state court complaint.

[8] *See* doc. no. 1 (defendant's notice of removal; plaintiff's state court complaint) at ¶ 3.

[9] *Id.*

[10] *Id.* at ¶ 4.

[11] *Id.* at ¶ 5.

3

his injuries; and lost "enjoyment of life."[12]  In seeking redress for these injuries, plaintiff asserts only state law claims, and he requests an unspecified amount in compensatory and punitive damages.[13]

## II.  DISCUSSION

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002); *see also Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001) ("[T]he burden of proving jurisdiction lies with the removing defendant.  A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.").  In the present case, defendant has not satisfied this burden.

**A.     Proof of Jurisdictional Amount:  *citations to incomparable cases will not suffice***

Defendant's response to the court's order to show cause why this case should not be remanded directs the court's attention to several jury verdicts recently returned in Alabama courts in an effort to show that, in the context of the underlying facts of

---

[12] *Id.* at ¶¶ 11a-f.

[13] *See* doc. no. 1 (notice of removal), Ex. A (plaintiff's complaint) at 2 ("WHEREFORE, Plaintiff demands judgment against the Defendants, and each of them, in an amount which the jury deems fair and just to compensate the Plaintiff, punitive damages and costs of court.").

4

this action, the minimum amount in controversy is presumptively met.  Defendant has

not otherwise provided any evidence or argument regarding the amount in

controversy issue; and, as discussed in this court's show cause order of April 8, 2008,

it is not evident from the notice of removal that the minimum amount in controversy

requirement is met.[14]

In considering the Alabama cases offered by defendant, the court must be

satisfied that citations to allegedly-similar, state court cases in which a plaintiff

recovered more than the minimum jurisdictional amount truly are comparable on their

facts, and — more to the point — that the jury verdicts were returned in the same

state judicial circuit from which the present action was removed.  For example, the

undersigned has no doubt that there are a great many Alabama state court actions

involving personal injury claims in which jury verdicts well in excess of $75,000

have been returned.  That is not the issue, however.  Rather, the relevant question is

whether the underlying facts of *the present case* are such that it reasonably may be

concluded by a preponderance of the evidence that, if the action was remanded to the

state circuit court *from which it was removed*, and the plaintiff prevailed following

a trial on the merits, then more likely than not the plaintiff would recover an amount

exceeding $75,000.

---

[14]*See* doc. no. 2 (order to show cause) at 4-7.

Other federal courts have looked to relevant case law from either the state jurisdiction in which the action originally was filed, or the federal district to which the case was removed, relying both on cases with similar facts,[15] and suits of the same actual type.[16]  This court finds the detailed analysis by Judge DeMent of the Middle District of Alabama, in the case of *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388 (M.D. Ala. 1998), to be persuasive on this issue:

> 28 U.S.C. § 1441(a) states that an action may be removed by the defendant "to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Because of the nature of the court's analysis, however, *an analysis based on an examination of cases arising out of the Alabama Judicial Circuit from where the action was removed may be more accurate*.  Alabama is divided into judicial circuits compromising one or more counties.  Ala.Code § 12-11-2 (1975).  Juries are drawn from lists of the residents of counties or territorial subdivisions thereof.  Ala.Code §§ 12-16-44, 57 (1975).  Because jury pools are limited in geographical scope, damage awards in the "same type of suit" may differ from judicial circuit to judicial circuit.  Jury awards in the judicial circuit from where the action at issue was removed, therefore, may more accurately instruct the court's analysis than an examination of jury

---

[15] *See, e.g., Walker Petroleum v. CSX Transportation, Inc.*, 2001 WL 102359, *1 (S.D. Ala. 2001); *Hitch v. Laws*, 2000 WL 1005888, *2 (S.D. Ala. 2000) (citing *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1392-93 (M.D. Ala. 1998)); *Employers Mutual Casualty Insurance Co. v. Evans*, 76 F. Supp. 2d 1257, 1260 (N.D. Ala. 1999).

[16] *See, e.g., Hitch*, 2000 WL 1005888 at *3; *Bolling v. Union National Life Insurance Co.*, 900 F. Supp. 400, 404-05 (M.D. Ala. 1995).  Some courts outside the Eleventh Circuit have looked beyond their own jurisdictions in examining similar types of cases.  *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (relying on "other courts" and "other forums") (citing for support *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); and *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990)); *Haisch v. Allstate Insurance Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) (engaging in state-wide and extra-state analysis); *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1005 (W.D. Ark. 1996) (citing to *Bolling*).

awards from other judicial circuits or from judicial circuits encompassed by a federal judicial district or division.

An examination of damage awards in "similar type" diversity cases successfully removed to the federal district or division encompassing the judicial circuit of origin of the state action may be examined as well.  Because the jury pools for the federal district or division and the state judicial circuits therein could overlap, an analysis of federal and state cases originating within the geographical region encompassed by the federal district or division would be appropriate because of this overlap.  In other words, the court could examine damage awards in the particular judicial circuit from which the particular action was removed, as well as damage awards in federal diversity cases from the district or division encompassing the judicial circuit from which the particular action was removed.  After all, the court is only determining whether the defendant has met the preponderance — more likely than not — burden of showing that the jurisdictional amount in controversy pre-requisite has been met.  And, the same relatively low burden may allow for consideration of damage awards rendered state-wide or even from other jurisdictions, (i.e. neighboring judicial circuits in different states), rendering this entire discussion moot.

*Lowe's OK'd Used Cars*, 995 F. Supp. at 1392 n.4 (considering the type of evidence that defendant should offer in order to meet the preponderance burden for removal jurisdiction) (emphasis supplied).

Further, courts will consider any evidence that *a plaintiff* offers to *rebut* the defendant's argument for removal jurisdiction.[17]

In the present case, none of the Alabama cases cited by defendant were decided

---

[17] *See, e.g., Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289, 1298 (S.D. Ala. 1999); *Lowe's OK'd Used Cars, Inc.*, 995 F. Supp. at 1393; *De Aguilar*, 11 F.3d at 57.

by juries sitting in the Circuit Court of Limestone County, Alabama — the court in which this controversy originated — nor do they involve facts or circumstances that are even remotely analogous to the instant action.  Accordingly, in light of the foregoing discussion, defendant has not met its burden to demonstrate this court's jurisdiction by way of comparable state court lawsuits.

**B.     The Effect of Plaintiff's Stipulation as to the Amount of Damages**

### 1.     Events occurring after removal normally do not divest the district court of jurisdiction

The Supreme Court held long ago, in *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), that events or actions occurring after the date of removal that have the effect of *reducing* the damages claimed in a plaintiff's state court complaint to an amount that is less than the jurisdictional amount in controversy, regardless of whether such events or actions are "beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction *once it has attached . . . .*" *Id.* at 292.  The Court also stated that, even if

> the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, *reduces the claim* below the requisite [jurisdictional] amount [in controversy], this does not deprive the district court of jurisdiction.
>
> Thus events occurring subsequent to removal which *reduce the amount recoverable*, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction *once it has*

*attached. . . .*

        . . .

    We think this well established rule is supported by ample reason. If the plaintiff could, no matter how *bona fide* his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction, the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice.  The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to state court at his election.  If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

*Red Cab*, 303 U.S. at 292-94 (footnotes omitted) (emphasis added).[18]

    In *Poore v. American-Amicable Life Insurance Company of Texas*, 218 F.3d

---

[18]In *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994), the Eleventh Circuit cast doubt on the current validity of the last sentence of the foregoing quotation from the Supreme Court's decision in *St. Paul Mercury Indemnity Co.*

    Some authority suggests that when plaintiff seeks less than the jurisdictional amount, the case cannot be removed as a matter of law — defendant gets no chance to prove jurisdiction.  *See St. Paul's*, 303 U.S. at 292, 58 S. Ct. at 592 ("If [plaintiff] does not desire to try his case in federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would justly be entitled to more, the defendant cannot remove"); *cf. Iowa City RY. v. Bacon*, 236 U.S. 305, 35 S. Ct. 357, 59 L. Ed. 591 (1915) (finding that when jurisdictional amount was $2,000 and plaintiff's damages were $10,000, but he requested only $1,990, defendant could not remove).  But, we do not follow this absolute standard because these cases were decided when different rules about pleading damages (in general, much more strict) and about jurisdiction were in effect.  We think we are not bound by these old cases, although they are decisions of the Supreme Court.  But, these cases do support the fundamental principle that plaintiff is the master of his own claim.

*Burns*, 31 F.3d at 1096 n.6.

1287 (11th Cir. 2000), the Eleventh Circuit joined the Third, Fifth, Sixth, and Seventh Circuits in holding that the 1988 congressional amendment of 28 U.S.C. § 1447(c)[19] did not alter the rule that a district court must determine whether it possesses subject matter jurisdiction *on the date an action is removed from state court.*

> We join our sister Circuits and conclude the amendments to § 1447(c) did not alter the fact that, in this case, the district court must determine whether it had subject matter jurisdiction at the time of removal.  That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction.  In this case, Appellees amended their complaint after the case was removed to the district court.  The district court thus erred in relying on the amended complaint to conclude the parties did not meet the amount in controversy requirement.

---

[19] 28 U.S.C. § 1447(c) authorizes a district court to remand cases when the court lacks subject matter jurisdiction.  As originally enacted, § 1447(c) provided that, "[i]f at any time before final judgment it appears that *the case was removed improvidently and without jurisdiction,* the district court shall remand the case" (emphasis supplied).  The courts that analyzed this original version of § 1447(c) made clear that jurisdictional facts were to be determined as of the date of removal.  In other words, "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 293 (1938).  *See also Poore v. American-Amicable Life Insurance Co. of Texas,* 218 F.3d 1287, 1289-90 (11th Cir. 2000) (observing that, "under the original version of § 1447(c), the proper inquiry was whether the court had jurisdiction at the time of removal.  If the court did have jurisdiction at the time of removal, that jurisdiction was unaffected by subsequent acts, such as loss of diversity or loss of the required amount in controversy.") (citing, *e.g., Freeport-McMoRan, Inc. v. KN Energy, Inc.,* 498 U.S. 426, 428 (1991) (noting that the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); *Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 456 n.4 (5th Cir. 1996) (explaining that a district court's jurisdiction is fixed at the time of removal); and *Van Meter v. State Farm Fire & Casualty Co.,* 1 F.3d 445, 450 (6th Cir. 1993) (same)).

Congress amended § 1447(c) in 1988, however, and it now provides that, "[i]f at any time before final judgment it appears that *the district court lacks subject matter jurisdiction,* the case shall be remanded" (emphasis supplied).

Even so, the Eleventh Circuit held in *Poore* that "the amended statute still prohibits courts from relying on post-removal events in examining subject matter jurisdiction." 218 F.3d at 1289-90.

*Poore*, 218 F.3d at 1290-91 (footnote omitted). *See also Hudson United Bank v. Litenda Mortgage Corp*., 142 F.3d 151, 157 n.8 (3rd Cir. 1998) (commenting "we will assume Congress did not mean to upset [the focus on jurisdiction at the time of removal] and that [it] remain[s] in effect unchanged by the intervening textual modifications to § 1447(c)"); *Doddy v. Oxy USA, Inc*., 101 F.3d 448, 456 n.4 (5th Cir. 1996) (explaining that a district court's jurisdiction is fixed on the date of removal, and that "§ 1447(c) cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand"); *Baldridge v. Kentucky-Ohio Trans., Inc*., 983 F.2d 1341, 1348 n.11 (6th Cir. 1993) (observing that, "despite the change in the wording of § 1447(c) . . . courts still read that section as authorizing remand when a district court determines that jurisdiction had been lacking *at the time of removal*, *rather than later*") (emphasis supplied); *Matter of Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992) (stating that "[n]either the text of the revised § 1447(c) nor its legislative history implies that Congress altered the traditional view . . . that jurisdiction present at the time a suit is filed or removed is unaffected by subsequent acts").

Accordingly, the Supreme Court's holding in the *Red Cab* case continues to supply the rule for decision:  *i.e*., the general rule is that "events occurring after removal which may *reduce* the damages recoverable below the amount in controversy

11

requirement do not oust the district court's jurisdiction."  *Poore,* 218 F.3d at 1291

(emphasis supplied).

> **2.     The subtle, but significant distinction between post-removal events or actions that "reduce" the damages claimed in a plaintiff's state-court complaint to an amount that is less than the jurisdictional amount in controversy, and those that "clarify" the amount originally claimed when commencing the state court action**

The "general rule" discussed in the preceding section may not apply in a

particular case, however, because there is a subtle, but nevertheless significant,

distinction between post-removal events or actions that "reduce" the damages claimed

in a plaintiff's state court complaint to an amount that is less than the jurisdictional

amount in controversy, and those post-removal events or actions that "clarify" the

amount originally claimed when commencing the state court action.

The United States District Court for the Middle District of Alabama faced such

a situation in *Brooks v. Pre-Paid Legal Services, Inc.,* 153 F. Supp. 2d 1299 (M.D.

Ala. 2001) (DeMent, J.).  There, the plaintiffs filed a complaint for fraud in state court

seeking compensatory damages in the amount of $74,500, as well as an unspecified

amount of punitive damages.  The defendant removed to federal court, asserting the

$75,000 jurisdictional amount in controversy had been satisfied.  The plaintiffs

subsequently moved to remand, and filed an affidavit stating:  "(1) they did not intend

to seek recovery of more than $74,500 *when they filed their complaint*; (2) they will

never claim or accept more than $74,500; and (3) they agree to a court order capping their damages at $74,500." *Id.* at 1300 (emphasis supplied). The *Brooks* court therefore framed the issue as being "whether a court can remand a case when a plaintiff's post-removal stipulation limits the scope of an *ad damnum* clause to less than $74,500." *Id.* The court held that it *could* rely on plaintiff's post-removal stipulation, reasoning as follows:

> In *Moss v. Voyager Ins. Co.,* 43 F. Supp. 2d 1298 (M.D. Ala. 1999), this court remanded a case when a plaintiff irrevocably stipulated neither to seek nor accept more than $75,000, even if a jury verdict exceeded that amount. The stipulation "clarifie[d] the Complaint by identifying" the true amount in controversy, and satisfied the court that this amount would never exceed the jurisdictional minimum. *Id.* at 1303. Other courts have routinely given effect to binding, post-removal stipulations. *See, e.g., Grubbs* [*v. Pioneer Housing, Inc.*]*,* 75 F. Supp. 2d [1323,] 1327 [(M.D. Ala. 1999)]; *McGhee v. Allstate Indem. Co.,* 928 F. Supp. 1102, 1104 (M.D. Ala. 1996); *Taylor v. Campbell,* 852 F. Supp. 978, 980 (M.D. Ala. 1994); *Moore v. Toyota Motor Corp.,* 64 F. Supp. 2d 612, 614 (N.D. Miss. 1999); *Adkins v. Gibson,* 906 F. Supp. 345, 347 (S.D. W.Va. 1995) [(abrogated on other grounds by *McCoy v. Erie Insurance Co.,* 147 F. Supp. 2d 481 (S.D. W.Va. 2001))].

*Brooks,* 153 F. Supp. 2d at 1300.

As the *Brooks* court recognized, however, some federal courts will retain jurisdiction, even after a plaintiff limits an unspecific demand for damages in a state court complaint to an amount that is less that the federal jurisdictional threshold. Such courts usually advance two primary reasons for doing so.

13

The first is that such limitations ostensibly are inconsistent with *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 290, 58 S. Ct. 586, 82 L. Ed. 845 (1938), which teaches that courts must determine jurisdiction as of the moment of filing rather than on the basis of subsequent events. *See, e.g., Rogers v. Wal-Mart Stores, Inc.,* 230 F.3d 868, 873 (6th Cir. 2000); *In re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992) (*per curiam*). The second is that post-removal damages limitations may possibly lead to forum shopping by parties who might "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Rogers, supra* at 872; *see also McCoy v. Erie Ins. Co.,* 147 F. Supp. 2d 481, 486 (S.D. W. Va. 2001) (discussing "unseemly forum gaming, which has occurred frequently in the wake" of *Adkins, supra*).

*Brooks,* 153 F. Supp. 2d at 1300. The Middle District opinion in *Brooks* nevertheless

rejected the rationale of those courts, saying that

these unpersuasive decisions have improvidently expanded the holding of *St. Paul* and have given unduly narrow consideration to basic principles of federal jurisdiction.

Initially, the court stresses that *St. Paul* did not hold that post-removal stipulations are unallowable *per se.* In *St. Paul,* the plaintiff brought a complaint for indemnity of $3,000, which exceeded the jurisdictional minimum. The defendants removed, and the district court retained jurisdiction even though the plaintiff later submitted a bill of costs showing that it really expected to receive a verdict of less than $3,000. The Supreme Court affirmed, stating that the plaintiff's later statement was "not inconsistent with the making of a claim in good faith for over $3,000 when the suit was instituted." *St. Paul,* 303 U.S. at 296, 58 S. Ct. 586. The Court relied on *Kanouse v. Martin,* 15 HO. 198, 200, 14 L. Ed. 660 (1853), which likewise held that a plaintiff who scaled back his demand, but did not disavow an intent to seek beyond the jurisdictional limit when he filed, could not avoid federal court. A crucial fact in both *St. Paul* and *Kanouse* is that the plaintiffs acknowledged that their complaints triggered the amount in controversy

14

> *at the time of removal.*  In this case, on the other hand, Plaintiffs have submitted affidavits bearing on their initial demand and showing that federal jurisdiction has never properly attached.  *See Moss,* 43 F. Supp. 2d at 1303.  There is a difference, of course, between a court's choice to divest itself of jurisdiction and its finding that it lacks jurisdiction.  No controlling precedent requires the court to retain jurisdiction despite Plaintiff's explicit assurance that his Complaint proves that he "does not desire to try his case in the federal court."  *St. Paul,* 303 U.S. at 294, 58 S. Ct. 586.

*Brooks,* 153 F. Supp. 2d at 1300-01 (emphasis supplied).[20]

Other district courts within this circuit have followed the Middle District's reasoning in *Brooks.*  For example, in *Little Bend River Co. v. Molpus Timberlands Management, L.L.C.,* 2005 WL 2897400 (S.D. Ala. 2005), the Southern District of Alabama held that the plaintiff's post-removal stipulation — stating that it would neither seek nor accept more than $75,000 in damages, even if the jury awarded more than that amount — established that the requisite amount in controversy was not met.

---

[20]Additionally, Judge DeMent recognized

> four bedrock principles of federal jurisdiction [which] require courts to effectuate post-removal stipulations:  First, federal courts are tribunals of limited jurisdiction.  Second, the diversity statute is strictly construed because of the significant federalism concerns raised by federal courts passing on matters of state law.  Third, a plaintiff is the master of her complaint, and a plaintiff suing diverse defendants can avoid federal court by limiting her prayer for damages to less than $75,000.  Fourth, a plaintiff is charged with knowledge of her complaint, and the amount of damages that she seeks.  *See Gardner v. Allstate Indem. Co.,* 147 F. Supp. 2d 1257, 1264 (M.D. Ala. 2001).  None of these interests are furthered when a federal court keeps a diversity case because of some doctrinaire reading of judicial dicta that is divorced from congressional will and any legitimate policy interests.

*Brooks,* 153 F. Supp. 2d at 1301-02.

*Little Bend*, 2005 WL 2897400 at \*3.  The *Little Bend* court noted that "district courts in the Eleventh Circuit characterize a post-removal amount-in-controversy stipulation as *a clarification* permitted by *St. Paul Mercury Indem. Co. v. Red Cab Co*., rather than an amendment or post-removal action forbidden by the Supreme Court in *St. Paul*."  *Little Bend*, 2005 WL 2897400 at \*3 n.2 (emphasis added) (citing *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000); *Brooks,* 153 F. Supp. 2d at 1301; *Moss v. Voyager Insurance Companies,* 43 F. Supp. 2d 1298, 1303 (M.D. Ala. 1999)).

This court finds the reasoning of Middle and Southern Districts of Alabama to be persuasive, and not only consistent with, but supportive of, the general principle that "[r]emoval statutes are to be strictly construed, with all doubts resolved in favor of remand." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *see also Burns*, 31 F.3d at 1095.  Accordingly, the court concludes that plaintiff's counsel's representation, in which plaintiff disclaims any monetary damages in excess of $74,999, constitutes a clarification of the amount originally claimed by plaintiff, and is not a reduction of the amount of damages.

### III.  CONCLUSION

Thus, because defendant has not met its "burden of proving proper federal

16

jurisdiction," *Leonard*, 279 F.3d at 972, and plaintiff has expressly waived any right to damages exceeding $74,999, the minimum amount in controversy requirement of 28 U.S.C. § 1332 is not satisfied, and this case is due to be remanded.

For the reasons stated herein, plaintiff's response to defendant's notice of removal, which is construed by the court as a motion to remand, will be GRANTED. Because plaintiff has represented that he will forego any right to monetary damages equal to or in excess of the jurisdictional minimum prescribed by 28 U.S.C. § 1332(a), the court finds defendant's motion for discovery into the amount of damages being sought by plaintiff to be MOOT. An appropriate order will be entered contemporaneously herewith.

DONE this 8th day of May, 2008.

_____
United States District Judge